Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANCISCO MORENO,<br><br>Plaintiff,<br><br>vs.<br><br>COX COMMUNICATIONS LAS VEGAS, INC., a Delaware corporation,<br><br>Defendant. | CASE NO.<br><br>COMPLAINT FOR DAMAGES AND OTHER RELIEF BASED UPON:<br><br>1. RACE AND NATIONAL ORIGIN DISCRIMINATION<br><br>JURY DEMAND |

Plaintiff FRANCISCO MORENO ("Plaintiff" or "Moreno") alleges as follows:

**JURISDICTION AND VENUE**

1.     This action is brought pursuant to the provisions of Title VII of the Civil Rights Act of 1964, *42 USC §2000e*, et seq. (hereinafter "Title VII") to obtain relief for Plaintiff Moreno for discriminating against his on the basis of his race (Hispanic) and national origin (Mexican) in the terms, conditions or privileges of his employment.

1

2. At all relevant times, Defendant COX COMMUNICATIONS LAS VEGAS, INC., a Delaware corporation (hereinafter "Defendant" or "Cox") employed more than fifteen (15) employees, and they are therefore subject to the provisions of Title VII.

3. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to *28 USC §1391(b)(2),* and the ends of justice so require.

**PARTIES**

4. Plaintiff, Moreno, is a citizen of the United States and a resident of the State of Nevada, County of Clark and City of Las Vegas.

5. Plaintiff is informed and believes and thereon alleges that at all relevant times giving rise to the claims asserted, Plaintiff was employed in Las Vegas, Nevada by Defendant Cox.

6. Cox is an employer within the meaning of *42 USC §2000e(b)*.

**EXHAUSTION OF REMEDIES**

7. Plaintiff timely filed a "Charge of Discrimination" with the Nevada Equal Rights Commission ('NERC") and Equal Employment Opportunity Commission ("EEOC") and was issued a Notice of Right to Sue by the EEOC on July 7, 2017, a copy of which is attached to Complaint as Exhibit "A".

**STATEMENT OF FACTS**

8. Moreno was employed by Cox from August 2013 through February 8, 2017.

9. Plaintiff had just been promoted to a Residential Home Security Consultant/Personal Security Consultant when on January 27, 2017 he was called into a meeting and told by the Director of Human Resources Nileen Lugo that a criminal background check came back and showed that Moreno was a two time convicted felon for burglary and did 60 months in prison for the crimes and owed the crime victims $40,000.00 in restitution.

10. Plaintiff asked Lugo for a copy of the background check which showed this but she

refused to give Moreno a copy of the paperwork.

11. Plaintiff was then told that he was being suspended pending termination because of the background check but was being given a chance to clear up what he knew was erroneous.

12. Moreno went to the Las Vegas Metropolitan Police Department and got a copy of his police records which did *not* show either of the convictions.

13. Plaintiff brought this paperwork back to Cox and was called by Lugo on January 30, 2017 and was told that the paperwork Moreno presented was not acceptable and that Plaintiff would have to get an actual copy of the court records showing that he was not the one who committed the crimes.

14. Moreno proceeded to go to the court and get court documents on the convictions including mugshots of the actual perpetrator which unequivocally showed that Plaintiff did not commit the crimes.

15. Moreno gave the court documents to Lugo and after she reviewed the documents she confirmed that it was *not* Plaintiff who committed the burglaries. Thereafter Lugo told Plaintiff that he would be contacted in one to two days.

16. On February 3, 2017 Moreno was contacted by Ben (LNU) from Human Resources and Cris Wilson from Risk Management and Plaintiff was questioned about a bench warrant he received on May 18, 2013 for failing to appear for a speeding ticket issued on October 21, 2009.

17. Plaintiff told them that he forgot about the court date and that it was an honest mistake and not done on purpose.

18. Finally on February 8, 2017 Plaintiff was again contacted by Ben (LNU) and Cris Wilson and told that the company had decided to terminate him because he failed to put the bench warrant for failing to appear for the speeding ticket on his application for the sheriff's card.

19. This is despite the fact that Cox had full knowledge of this violation when Moreno was hired in August 2013 and when he was given his promotion in January of 2017. Further the application for his sheriff's card clearly stated that traffic tickets and parking violations did not

have to be listed and Plaintiff assumed that this included anything related to the traffic tickets and parking violations.

20. On or about September of 2016, Plaintiff's co-worker Robert Rosenberg, a Caucasian employee, was promoted to the same position Moreno was promoted to without a records check.

## FIRST CAUSE OF ACTION

### (Title VII of the Civil Rights Act of 1964 -

### Race and National Origin Discrimination against Cox)

21. Plaintiff Moreno incorporates the allegations set forth in paragraphs 1 through 20, inclusive, as if fully set forth herein.

22. This cause of action is brought pursuant to Title VII as it involves a claim by Plaintiff for race and national origin discrimination which is governed by Title VII.

23. As previously set forth herein above, Plaintiff was terminated for failing to put a bench warrant for failing to appear for a speeding ticket on his application for a sheriff's card.

24. This was after Cox suspended Moreno pending termination for allegedly committing burglaries which he did not commit.

25. Plaintiff believes that these reasons were given as a pretext for racial and national origin discrimination.

26. Moreno believes if not for his appearance and the fact he was Hispanic/Mexican, he would not have been terminated.

27. This is supported by the fact that on or about September of 2016, Plaintiff's co-worker Robert Rosenberg, a Caucasian employee, was promoted to the same position Moreno was promoted to without a records check.

28. As a direct, foreseeable, and legal result of the racial and national origin discrimination set forth above, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum

jurisdictional limits of this Court.

29. As a further direct, foreseeable, and legal result of racial and national origin discrimination set forth above, Plaintiff has suffered crying attacks, embarrassment, feeling violated, being unable to sleep, indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which he seeks damages in an amount in excess of the minimum jurisdictional limits of the court, also to be proven at the time of trial.

30. In acting as they did, Cox knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

31. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

32. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Moreno demands judgment against Defendant as follows:

1. Declaring that the acts and practices complained of here are a violation of Title VII;

2. Enjoining and permanently restraining the violations by Defendant of the Title VII;

3. For overall economic losses in earnings, bonuses, job benefits and expenses, according to proof at time of trial;

4. For compensatory damages for mental and emotional distress, embarrassment, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time

of trial;

5. For punitive damages;

6. For attorney's fees and costs in an amount determined by the court to be reasonable;

7. For pre-judgment interest on all damages; and

8. For any other and further relief that the Court considers proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

DATED: 10/04/2017          LAW OFFICES OF MICHAEL P. BALABAN

BY: /s/ Michael P. Balaban
Michael P. Balaban
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141

# EXHIBIT "A"

# NOTICE OF RIGHT TO SUE

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

| To: | Francisco Moreno<br>2915 Paradise Hill Ct.<br>N Las Vegas, NV 69031 | From: | Los Angeles District Office<br>255 E. Temple St. 4th Floor<br>Los Angeles, CA 90012 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-2017-00544 | Karrie L. Maeda,<br>State & Local Coordinator | (213) 894-1100 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Karrie L. Maeda for*

Enclosures(s)

**Rosa M. Viramontes,**
**District Director**

July 7, 2017

*(Date Mailed)*

cc:

COX COMMUNICATIONS
750 N. Rancho Drive
Las Vegas, NV 69106

Michael P. Balaban
A LAW CORPORATION
10726 DEL Rudini Street
Las Vegas, NV 89141