# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FRANCISCO MORENO, | Case No. 2:17-CV-2583 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| COX COMMUNICATIONS LAS VETGAS, INC., | |
| Defendant(s). | |

Presently before the court is defendant Cox Communications Las Vegas, Inc.'s ("Cox") motion for summary judgment. (ECF No. 19). Plaintiff Francisco Moreno filed a response (ECF No. 20), to which Cox replied (ECF No. 21).

**I.  Facts**

This action arises out of an employment dispute in which Moreno alleges that Cox, a full-service provider of telecommunications products, terminated his employment because of his race and national origin. (ECF No. 1).

Moreno, a Mexican male, began working for Cox in January 2015 as an inside sales representative. (ECF No. 20-2). Moreno excelled at his job, receiving numerous sales awards and becoming a training coach for other sales representatives. (ECF Nos. 20-1, 20-2).

On January 11, 2017, Cox offered Moreno the professional security consultant position, which involves selling Cox's Homelife services and ancillary products to Cox's residential customers. (ECF Nos. 19-2, 20-2). Moreno accepted the offer and began training. (ECF Nos. 19-6, 20-2). Moreno also filled out a word card application, which requires applicants to list any arrests or citations, not including speeding and parking violations. (ECF No. 19-3). Moreno

**James C. Mahan**
**U.S. District Judge**

listed on his application five incidents, including an arrest for disorderly conduct and burglary from 2008. *Id*.

On January 27, 2017, the manager of human resources, Nileen Knoke, and the manager of direct sales, Daniel Turner, met with Moreno to discuss the 2008 arrest. (ECF No. 20-2). Moreno told Knoke and Turner that he was arrested for disorderly conduct and burglary arising out of a dispute that took place at a Fry's electronics retail store. *Id*.

Knoke then informed Moreno that Chris Wilson, Cox's security investigation supervisor, conducted a background check and found that Moreno had been convicted of two counts of burglary in 2014 and was required to pay $34,000.00 in restitution. (ECF Nos 20-2, 19-7). Moreno told Knoke that he had not committed those crimes and asked how he could clear his name. (ECF No. 20-2). Knoke then placed Moreno on paid suspension so that Moreno could get court records showing that he did not commit the burglaries. *Id*.

Moreno obtained a certified record check from the Las Vegas Metropolitan Police Department ("LVMPD"), which showed Moreno's criminal history and did not identify convictions for burglary in 2014. (ECF No. 20-2). After Knoke reviewed the record check, he called Moreno and gave him the case numbers for the two burglary charges so that Moreno could get court records showing that he did not commit those crimes. *Id*.

Moreno obtained certified copies of the two cases on January 31, 2017, and a background letter from the Henderson Police Department on February 1, 2017. *Id*. These documents unequivocally showed that Moreno did not commit the burglaries. *Id*. Moreno provided Knoke with the documents and Knoke assured Moreno that she would give him a call in the next few days. *Id*.

On February 3, 2017, Wilson and human resources consultant Ben Lutz called Moreno to tell him that they had determined that he did not commit the 2014 burglaries. *Id*. Wilson and Lutz also told Moreno that they reviewed his certified record check from the LVMPD and discovered that Moreno failed to disclose a 2009 arrest for failing to appear for a court date for a speeding ticket. *Id*. Moreno told Wilson and Lutz that he did not list the arrest because the work card application specifically said to not list speeding and parking violations. *Id*.

On February 8, 2017, Wilson and Lutz spoke again with Moreno and told him that he was terminated for not disclosing the 2009 arrest. (ECF Nos. 20-1, 20-2). Knoke, who is of Puerto Rican origin, made the final decision to terminate Moreno. (ECF No. 20-1). Cox eventually filled the professional security consultant position with Gregory Seltz, a Caucasian male. *Id*.

On October 4, 2017, Moreno initiated this action, asserting a single cause of action for discrimination pursuant to Title VII of the Civil Rights Act of 1964. (ECF No. 1). Now, Cox moves for summary judgment. (ECF No. 19).

**II.    Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving

1  party failed to make a showing sufficient to establish an element essential to that party's case on
2  which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If
3  the moving party fails to meet its initial burden, summary judgment must be denied and the court
4  need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S.
5  144, 159–60 (1970).

6  If the moving party satisfies its initial burden, the burden then shifts to the opposing party
7  to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith
8  Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the
9  opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient
10 that "the claimed factual dispute be shown to require a jury or judge to resolve the parties'
11 differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*,
12 809 F.2d 626, 631 (9th Cir. 1987).

13 In other words, the nonmoving party cannot avoid summary judgment by relying solely
14 on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d
15 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and
16 allegations of the pleadings and set forth specific facts by producing competent evidence that
17 shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

18 At summary judgment, a court's function is not to weigh the evidence and determine the
19 truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby,
20 Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all
21 justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the
22 nonmoving party is merely colorable or is not significantly probative, summary judgment may be
23 granted. *See id.* at 249–50.

24 **III.  Discussion**

25 Cox argues that the court should summarily reject Moreno's discrimination claim
26 because (1) he has failed to establish a *prima facie* case and (2) failed to raise a genuine as to
27 whether Cox's reason for firing Moreno was a pretext. (ECF No. 19).

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

In evaluating discrimination claims under Title VII, courts use the *McDonnell Douglas* burden-shifting framework. *Hawn v. Executive Jet Mgmt., Inc.,* 615 F.3d 1151, 1156 (9th Cir. 2010); *see also Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1034–35 (9th Cir. 2006). Under this analysis, an employee must first establish a *prima facie* case of retaliation. *Noyes v. Kelly Servs.,* 488 F.3d 1163, 1168 (9th Cir. 2007); *see Cornwell*, 439 F.3d at 1034–35. If an employee establishes a *prima facie* case, "the burden of production, but not persuasion, then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the challenged action." *Hawn*, 615 F.3d at 1156. If the employer meets this burden, the employee must then raise a triable issue of material fact as to whether the employer's proffered reasons for its adverse employment action are mere pretext for unlawful retaliation. *Noyes,* 488 F.3d at 1168.

To establish a *prima facie* claim of discrimination, a plaintiff must present evidence giving rise to the inference that (1) he is a member of a protected class; (2) he performed his job satisfactorily; (3) he suffered an adverse employment action; and (4) the employer treated him differently than similarly situated individuals who do not belong to the same protected class. *Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003).

Cox argues that Moreno has failed to show that a similarly situated person outside his protected class was treated differently because Moreno has not identified a person who failed to report an arrest on a work card application. (ECF Nos. 19, 21). The court agrees.

"[I]ndividuals are similarly situated when they have similar jobs and display similar conduct." Vazquez v. County of Los Angeles, 349 F.3d 634, 641 (9th Cir. 2003). The mere fact that an employer selected an applicant outside of plaintiff's protected class is insufficient to raise an inference of discrimination. *Heneage v. DTE Energy Services, Inc.*, No. 3:11-cv-0686-LRH-(WGC), 2018 WL 834598 at *3 (D. Nev. Feb. 10, 2018) (citing *Davis v. Team Elec. Co*., 520 F.3d 1080, 1089–90 (9th Cir. 2008).

Cox replaced Moreno with Seltz, who is Caucasian and presumptively of different national origin than Moreno. (ECF No. 20-1). However, Moreno has not brought forth any evidence showing that Seltz engaged in similar conduct, such as failing to report an arrest or some other infraction of comparable seriousness.

James C. Mahan
U.S. District Judge

- 5 -

Moreno also identifies Robert Rosenberg, a Caucasian male, in support of his discrimination claim. (ECF No. 19-3). Although Cox hired Rosenberg as a professional security consultant without performing a criminal background check, Rosenberg is not similarly situated because he did not engage in similar conduct. *See* (ECF No. 19-2). Unlike Moreno, who listed multiple arrests on his work card application, Rosenberg did not list any arrests or citations. *Id.* Moreover, Rosenberg's differing conduct is material as it adequately explains why Cox treated Rosenberg differently than Moreno. *See Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1114 (9th Cir. 2011) ("The employees . . . must be similar in material respects.").

In light of the foregoing, Moreno has not established a *prima facie* claim for discrimination in violation of Title VII of the Civil Rights Act of 1964. Accordingly, the court will grant Cox's motion for summary judgment.

**IV.** **Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Cox's motion for summary judgment (ECF No. 19) be, and the same hereby is, GRANTED.

The clerk shall enter judgment accordingly and close the case.

DATED March 12, 2019.

_____
UNITED STATES DISTRICT JUDGE